Matter of the Petition of PETER G. FRUTCHEY, for the Sale of Certain Real Property of Which H. LOUISE COE FRUTCHEY Died Seized, the Life Use of Which Property Was Devised to said PETER G. FRUTCHEY and SARAH M. DRAPER.

(Supreme Court, Monroe Special Term, August, 1920.)

Real property — when application for sale of, denied — life tenants — Real Property Law, §§ 67–71.

> Unless adults having an estate in reversion or remainder in real estate consent by a writing duly executed and acknowledged, an application by the life tenant for a sale of the property must be denied upon the merits. Real Property Law, §§ 67–71.

APPLICATION to sell real property under section 67 of the Real Property Law.

Charles Ward, for petitioner.

Messrs. Peck & Whitbeck, Crane & Stedman, and Edward P. Ward, for respondents.

THOMPSON, J.   The petitioner is one of the life tenants and the respondents are persons having an estate, vested or contingent, in reversion or remainder in the real estate which is here sought to be sold under the provisions of sections 67, 68, 69, 70 and 71 of the Real Property Law.

The life tenant is anxious to have the property sold, alleging that it has become so unproductive, together with other circumstances and conditions which have arisen subsequent to the devise, that it is for the best interests of all concerned that a sale of the premises should be had.   He has endeavored to do so by parti-

tion and has failed and now invokes the aid of these provisions of the Real Property Law. The remaindermen resist the application and charge that the life tenants have suffered the property to run down and have been guilty of waste and ask that the motion be denied on the merits, without proof being taken or a reference being ordered.

This proceeding is against the policy of the law and may be said to be an attempt to accomplish by indirection that which the law by plain direction forbids.

In cases of express trusts of either real or personal property, the statute expressly prohibits a transfer of the interest of the life beneficiary. Real Prop. Law, § 103; Pers. Prop. Law, § 15.

The courts strongly condemn such transactions. *Metcalfe* v. *Union Trust Co.,* 181 N. Y. 39; *Campbell* v. *Foster,* 35 id. 361, 371; *Lent* v. *Howard,* 89 id. 169, 182.

It is also a general rule that a tenant for life is not entitled to maintain partition against reversioners, remaindermen or others having a future conditional interest. 20 R. C. L. 744; 28 L. R. A. (N. S.) 125.

No more can a remainderman partition against the life tenant. 20 R. C. L. 747.

It cannot be the intent of these sections of the Real Property Law is to permit a life tenant to come directly from the defeat of his suit in partition and here obtain relief there denied. They do not contemplate the compelling of a sale of real property by those interested therein and not under legal disability, or section 70 would not require the making and filing of acknowledged consents of such persons, for which the law provides no substitute nor means of enforcement and failing which it attaches only as consequence that the order shall not issue.

The purpose of this statute is to make it possible to sell the shares and interests of unknown owners of

remainders in realty in which there is a life tenancy in the circumstances mentioned in the statute, and section 67, read with section 70, imposes the further condition that there can be no such sale or leasing without the consent of all capable of consenting.

These sections were passed by the legislature in the exercise of its powers as *parens patriæ* to authorize the sale of estates of infants, idiots, insane persons and persons not known or not in being, who cannot act for themselves. 3 Washb. Real Prop. (3d ed.) 198; *Metcalfe* v. *Union Trust Co., supra.*

They were not enacted to provide a remedy in one place expressly withheld in another.

The distinguishing characteristic of the proceeding is that there must be unknown remaindermen or reversioners before an application can be made. If, therefore, the remaindermen or reversioners are known, the application cannot lie, this upon the theory that if known they could act for themselves. Can it be claimed that this distinction gives cause or reason in the one instance to bind all of the parties to the proceeding, as well those not as those under disability, without their consent, while in the other it cannot? The statute does not so state, nor was it so intended. Section 70, in declaring the legal effect of the conveyance, particularly provides that it shall be valid and effectual against minors, lunatics, persons of unsound mind, habitual drunkards and persons not in being, interested in the real estate, only; and it expressly requires the duly executed and acknowledged consents of all interested adult persons legally capable to be filed with the clerk, thus giving such document the character of a deed, before the order shall be made. And in passing, let it be said that these provisions control here and not those of section 107 of the same chapter, but another title, which are in direct conflict

Surrogate's Court, Kings County, August, 1920. [Vol. 113.

therewith and which are in terms made to apply only to cases coming under the two preceding sections.

It being established that the consents required by the statute cannot be obtained and that, therefore, the proceeding if continued would fail, the application is denied with costs to respondents, except Sarah M. Draper, against the petitioner.

Application denied, with costs to respondents.